X FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 0 9 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

Name of Person Filing: Kara F. Allred
Street Address: 1901 W. Madison St. #663
City, State, Zip Code: Phoenix, Arizona 85009
Telephone Number: 802.212.1868
Email Address: KarafAllred16@gmail.com
☒ Representing Self (No Attorney) or ☐ Represented by Attorney
If Attorney, Bar Number: ______

CV26-07415-PHX-SMB

# SUPERIOR COURT OF ARIZONA
# PINAL COUNTY

In the Matter of:
Edwin G. Allred
Name of Petitioner

CASE NUMBER: DO 2012 00314

Kara F. Allred
Name of Respondent

TITLE: THE SILENCED PATIENT
10.9.2026 NOTICE OF SYSTEMIC ABANDONMENT & Petition for emergency injunctive relief due to New Discovery

HONORABLE:

Heard a Therapist say,
"People who need therapy don't come to us,
their victims do...."

Please see 3 attached items/exhibits/part of my motion filing today.

1. 8 page document 10.9.2026 Notice of Systemic Abandonment and Petition for Emergency Injunctive Relief - Kara Ferguson Allred.

2. 12.1.2021 Jacob Black, Paralegal letter,

3. 2.27.2013 Court of Appeals, State of Arizona
Division Two
2 CA-CV 2013-0012
Department A
Pinal County
Cause NO S1100DO2012 00314.

#MASlow

#CHECKMATE

☒ I have filed the ORIGINAL of the attached document(s) on 10.9.2026 (Month) FRIDAY (Day)
20 26 With the Clerk of the Superior Court of Arizona in Pinal County.

☐ I have mailed/delivered a COPY of the attached document(s) on ______ (Month) ______ (Day)
20 ______ to: ______

Today's Date: 10.9.2026 Your Signature: Kara H. Allred

**10.9.2026 Notice of Systemic Abandonment and Petition for Emergency Injunctive Relief - Kara Ferguson Allred**

**10.9.2026 Notice of Systemic Abandonment and Petition for Emergency Injunctive Relief…**
**https://docs.google.com/document/d/13lBPKvmdFf9iu9srOr_ayo9yPX2AZD8Nl-YgiGhtaKw/edit?usp=sharing**

NOTICE OF SYSTEMIC ABANDONMENT, RENDERED DEPRIVATION OF RIGHTS, AND PETITION FOR EMERGENCY INJUNCTIVE RELIEF

**Re: Complete Breach of *Arnold v. Sarn* and *Allred v. Allred* Mandates**

**TO ALL RESPONSIBLE GOVERNING AUTHORITIES, STATE AGENCIES, CONTRACTED PROVIDERS, AND JUDICIAL OFFICERS:**

This document serves as formal legal notice and petition regarding the total systemic abandonment of statutory obligations, constitutional due process rights, and court-mandated care concerning Kara Ferguson Allred (AHCCCS ID: A87930191 | DES Food Stamps Case #: 03425014).

This formal petition is directed specifically, explicitly, and comprehensively to:

1. **The United States of America & The United States Department of Justice (USDOJ):** Formally notified of their ongoing failure to intervene, their improper deferral of federal civil rights violations back to state administrative loops, and their refusal to review the 30-terabyte KFA Portfolio. This petition demands immediate federal intervention, enforcement of federal criminal statutes (18 U.S.C. §§ 241, 242, and 1519), and sanctioned medication permission and compliance under the *Arnold v. Sarn* and *Allred v. Allred* frameworks.
2. **The State of Arizona, Arizona Department of Economic Security (DES), AHCCCS, Mercy Care, Copa Gateway Clinic, and All Associated SMI Clinics, Entities, Agencies, and Independent Contractors (referencing previous clinics, partnered entities, and independent contractors including Superstition Mountain Mental Health / Horizon / Plaza Medical Clinic):** Formally notified of their continuous state-level gridlock, retaliatory administrative executions, medical battery, appointment tampering, and the intentional blocking of ADA communication accommodations and Title 19 Seriously Mentally Ill (SMI) protections. This includes holding fully accountable all entities, clinics, regional supervisors (such as Mario Garcia, Lillian Ponzio, Jody B.), and independent contractors that utilize systemic shifting, bureaucratic hiding, and institutional proxies to evade mandatory fiduciary duties.
3. **Named Private and Legal Perpetrators:** Formally naming **Edwin Gene Allred**, **Rodney Matheson** (deceased 2024; disbarred and criminally implicated in systemic trust and asset stripping), and **Cheryl Anne Reed** for their orchestrating roles in weaponizing the original July 2008 single-case agreement, executing white-collar financial fraud, and entangling federal SMI rights into fraudulent family court compliance traps (*Allred v. Allred*, Case No. S1100DO201200314).

All responsible entities, administrative proxies, oversight bodies, and contracted networks entrusted with executing the *Arnold v. Sarn* consent decree, Title XIX Seriously Mentally Ill (SMI) protections, and the related *Allred v. Allred* framework have completely abandoned their fiduciary and legal duties, resulting in severe, ongoing deprivation of basic survival needs, medical care, and constitutional protections.

## I. EXECUTIVE SUMMARY & JURISDICTIONAL BASIS

Complainant Kara Ferguson Allred is a verified Title 19 Seriously Mentally Ill (SMI) protected individual of the State of Arizona, having maintained this designation continuously since January 23, 2009. Complainant is also a qualified individual with severe, multi-system physical disabilities recognized under Title II and Title III of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the PAIMI Act of 1986 (42 U.S.C. § 10801 et seq.), and the landmark federal consent decree in *Arnold v. Sarn*.

This petition formally challenges a pattern, practice, and continuous policy of state-sanctioned medical battery, economic deprivation, and retaliatory administrative execution perpetrated by the Arizona Department of Economic Security (DES), AHCCCS, Mercy Care, and the contracted local SMI provider network (Copa Gateway Clinic and all associated corporate or independent contractors). This conduct constitutes a direct violation of federal disability law, the PAIMI Act of 1986, the Fourteenth Amendment's guarantee of procedural and substantive due process, and the core integration mandates established under *Olmstead v. L.C.* (1999). Furthermore, it highlights the devastating state-to-federal gridlock loop where the USDOJ repeatedly defers to state agencies that refuse to execute their duties, leaving the Complainant without true due process or legal recourse.

## II. THE WEAPONIZATION, ASSET STRIPPING, JUDICIAL DISMISSAL, AND ABANDONMENT OF THE SMI SINGLE CASE AGREEMENT & *ALLRED V. ALLRED*

- **The 2008 Baseline Origin:** When Complainant entered the SMI program in June 2008, state-contracted staff completely lacked the training required to process a patient with private insurance. Consequently, Edwin Allred underwrote and negotiated a single-case agreement establishing an essential operational baseline: 90-day mailed medications, auto-refills, and basic subsistence needs. This baseline included two cats, a dog, three children, independent private housing, and an independent private vehicle to drive—all of which Rodney Matheson confirmed stripping and robbing from the Complainant, effectively forcing her onto the streets when SMI failed to provide her mandated benefits, including the individualized housing required for her mental and medical health. The Complainant explicitly requires animal therapy as part of her Individualized Service Plan (ISP) treatment needs.
- **The Fraudulent Family Court Entanglement & Asset Stripping (2012–2018):** Edwin Allred, legal counsel (including Rodney Matheson, whose subsequent disbarment and criminal default motions confirmed the systematic stripping of marital and trust assets), and associated parties weaponized and systematically re-wrote this single case agreement into the *Allred v. Allred* divorce and family court orders (specifically manipulated across proceedings in 2012, 2013, 2014, 2015, 2016, 2017, and 2018). While Edwin Allred fled the state, split up the children behind a front of hidden crimes, and isolated the claimant—leaving her with virtually no assets, transportation, or income—these proceedings created a parole-style compliance trap that falsely assumed active private insurance benefits while the SMI clinical system unlawfully stripped them away, duping judicial officers and local law enforcement. Slander and libel completely destroyed the Complainant's life, leaving it unrecoverable.
- **Apache Junction & Regional Clinic Systemic Malpractice (Superstition Mountain / Plaza Medical / Horizon):** Historical records and communications (including supervision logs involving Mario Garcia and missing case managers like Viola across Apache Junction and Superstition Mountain clinics in 2015–2016) prove that regional SMI facilities engaged in identical administrative abandonment, appointment tampering, and prescription blockades, forcing spouses and patients into impossible compliance loops as proven with what SMI had

Edwin Allred underwrite in 2008, then what SMI did to Scot and Kara Scheufler between 2014 and 2020 (the duration of their military marriage of which these issues contributed to the divorce and the severe physical harm that resulted in broken bones and permanently damaged body parts, invoking the **thin skull rule** regarding preexisting vulnerability and tort liability). Furthermore, internal records and completion letters (such as Dan Huyser's DBT documentation) expose that SMI systematically weaponized and recycled Dialectical Behavior Therapy (DBT) programs—forcing patients like the Complainant and the late Stephanie Gonzales through repetitive, redundant cycles (6+ times) to artificially inflate billings ($45k per cycle), mirroring the systemic financial corruption exposed in the landmark *Arizona Republic* investigative report *"A Bitter Pill"* (December 14, 2014) regarding luxury executive perks and administrative fraud. As documented further in investigative reporting (including the *Arizona Republic* feature *"A Bitter Pill"*), these structural defundings stripped away resources meant for direct patient care, leaving the Complainant entirely without support while administrative proxies collected fraudulent paychecks.

- **Obstruction of Required Therapy & Rehabilitation:** Despite completing 12 months of Dialectical Behavior Therapy (DBT)—undertaken twice at Complainant's own insistence to ensure full neurodivergent mastery—clinical and legal proxies weaponized semantic reporting (labeling certificates merely as "Life Skills") to falsely brand Complainant as non-compliant, actively obstructing the mental health and rehabilitation protocols mandated under *Arnold v. Sarn* and *Allred v. Allred.*
- **Judicial Due Diligence Failures & Automatic Dismissal (Including Judge Daniel Washburn's Recusal):** Despite court clerks and administrative staff initially recognizing the direct intersection of the *Arnold v. Sarn* single case agreement within the family court docket, judicial officers—most recently **Judge Alexandria Anemone** in the Pinal County Superior Court ruling on **September 21, 2026** (Cause No. S1100DO201200314 / distributed by judicial administrative specialist Colleen Uran)—routinely issue blanket denials of emergency injunctive relief. (Notably, early family court judge **Daniel Washburn** recused himself from the matter by 2014 upon recognizing the systemic fraud and criminal exposure surrounding Rodney Matheson and the Allred syndicate). These judicial rejections systematically pass over substantive review, refusing to perform due diligence and reflexively dismissing life-threatening federal civil rights claims under the prejudicial stigma of the claimant's Title XIX SMI branding. Furthermore, during the 2013–2014 appellate phase (Court of Appeals, Division Two, Case No. 2 CA-CV 2013-0012), the Complainant was systematically denied legal aid, fee waivers, or deferrals (SALA ultimately dropping representation due to the overwhelming scope of white-collar crimes), forcing her into dangerous displacement under urgent warnings from Defenders of Children to flee Pinal County especially while she had zero money, no food, and no vehicle and being criminally stalked, swatted, and harassed by Edwin Allred, Cheryl Reed, and Rodney Matheson. Her body collapsed from late 2014 until 2018, at which point Nurse Practitioner and pain management provider Boris Schwartz diagnosed Ehlers-Danlos Syndrome (EDS), and Dr. David Saperstein stepped in to stabilize the medical conditions that SMI and all other parties failed to correctly diagnose and treat. SMI previously claimed that Kara had hallucinations between 2008 and 2018; Dr. David Saperstein diagnosed the real cause: Postural Orthostatic Tachycardia Syndrome (POTS) and Syncope. Then severe handicap level MCAS due to her rare genetic makeup which caused all psychotropics to be chemically abusive; it was not hallucinations. Boris Schwartz was able to verify that since 2009, Kara has always had novel symptoms which once compared to the genetic reality, makes sense and adds up but SMI and all parties with SMI, all parties of Arnold vs Sarn and Allred vs Allred refuse to believe any of this is real. To this day, the Complainant is still unable to get the Social Security benefits she has qualified for since her degenerative disc disease diagnosis and SMI designation in February 2009. Between 2008 and 2014, Edwin Allred, Rodney Matheson, and Cheryl Reed attempted to hijack these benefits as proven in Rodney Matheson's robbery admissions, and despite repeated

applications between 2012 and 2026, Kara remains completely denied Social Security support, with no reliable independent income period from 2012 to 2026.

- **Complete Compliance vs. Total Systemic Breach:** Complainant has remained the *sole* compliant party to both *Arnold v. Sarn* and *Allred v. Allred*, while every single state actor, clinic, administrative agency, and associated independent contractor has operated in total non-compliance, fraudulently claiming court orders do not exist while pocketing federal funding ($24,549 annually per member) without delivering mandated services.

## III. RETALIATORY BENEFIT DEPRIVATION & FEDERAL VIOLATIONS (18 U.S.C. § 1519)

- **The July 27, 2026 "Digital Erasure" (Following the October 3, 2025 Precedent):** On October 3, 2025, the first systemic erasure occurred where Complainant's disability credentials and Title XIX status were improperly purged from state databases. Subsequently, on July 27, 2026, DES staff executed a second unlawful, retaliatory termination of food stamps and Medicaid benefits, explicitly refusing to recognize Title 19 SMI protection and permanent non-able-bodied status (certified by pain management specialist Dr. Boris Schwartz on October 3, 2025, and verified during a 3.5-hour compliance call on June 30, 2026, with Supervisor Jorge and Yesenia). Purging a protected class member's disability credentials to deny basic survival nutrition constitutes deliberate economic sabotage and a federal violation under 18 U.S.C. § 1519. Under Title 19 rules, benefits are legally mandated *never* to be terminated (including unauthorized benefit shutoffs executed in February 2026). This ongoing pattern of benefit stripping and administrative obstruction has been documented forensically across the KFA Portfolio since 2012, with real-time reports consistently ignored by state and federal authorities who turned a blind eye.
- **The Ombudsman Rescue:** The fact that food stamps were only restored following direct intervention by the Arizona Ombudsman Citizens' Aide on October 1, 2026, proves that local agencies failed to perform basic job duties for weeks, ignoring urgent survival needs while issuing circular administrative demands.
- **Mercy Care Grievance & Appeals Bad Faith (Tasha M. Hinkle / Complaint #2609053):** Mercy Care's sole job is to manage care (and their historical failure spans 2014–2026, including failing to process complaints regarding Courtney Wiseman's failure to schedule the awarded 2025 SMI state appeal). They are collecting a taxpayer-funded salary to perform grievance and appeals duties, yet they are shifting the entirety of the labor onto a severely disabled, unhoused, and medically fragile individual who has already executed 120+ hours per week of unpaid compliance and forensic documentation—an entirely unrealistic and unsustainable reality. Their circular demands are designed to exhaust Kara's physical and mental resources—operating through cycles of administrative exhaustion often understood through the framework of **"spoon theory,"** where a disabled individual possesses a severely limited daily reservoir of physical energy ("spoons") that is entirely depleted by basic survival tasks, leaving zero reserves to navigate abusive, repetitive bureaucratic demands. This bad-faith exhaustion triggers severe, acute trauma responses in direct violation of her established ADA communication accommodations, constituting intentional infliction of emotional distress and medical neglect under color of state law. Furthermore, Tasha Hinkle explicitly admitted on audio recording that she cannot analyze the KFA Portfolio and that a staffed meeting with her supervisor resulted in the explicit denial of further ADA help (echoing the 2022 administrative abandonment witnessed by Desiree Tanke and Debra Olson). Supervisors and managers are consistently unavailable, leaving only voicemail machines across state and federal divisions while demanding immediate availability from the Complainant.

## IV. SYSTEMIC DENIAL OF ADA ACCOMMODATIONS & PHARMACOGENOMIC ABUSE

- **ADA Communication Violations, ADHD Paralysis, & Case Management Rights:** Severe Auditory Processing Disorder (APD), sensory processing sensitivities, trauma-induced freeze responses (CPTSD), and acute **ADHD paralysis** (where cognitive overload causes complete execution stasis and executive function stalls, trapping an individual in a state of immobile overwhelm) preclude verbal telephone communication and traditional bureaucratic navigation. Under Title II of the ADA and *Arnold v. Sarn*, the KFA Portfolio and master written indexes must serve as the exclusive, authorized communication medium. Refusing to accept this master portfolio violates federal civil rights mandates. Furthermore, despite clinic rules permitting patients to hire and fire their own case managers since 2012, and the clinical necessity of a two-person case management setup (including an approved private support professional to handle immediate crisis navigation alongside a neutral-party communicator), the Copa Gateway clinic has systematically refused since 2016 and 2017 to process ACT (Assertive Community Treatment) paperwork or honor case manager selection, blaming the Complainant for systemic gatekeeping failures. This directly violates Title 9 rules protecting patients against abuse, mistreatment, and neglect (R9-21-203).
- **GeneSight Pharmacogenomic Proof:** Autumn 2016 GeneSight testing proves the claimant falls into the rarest 11% metabolic phenotype, rendering standard psychotropic drug protocols chemically abusive and dangerous. Prescribed alternatives—including medical marijuana authorized by Copa Gateway in 2016 in place of Valium—have been unlawfully denied coverage, shifting severe financial burdens onto an unhoused, disabled individual in direct violation of *Arnold v. Sarn* fiduciary mandates.

## V. SYSTEMIC PROFILING, TARGETED POLITICAL/STATUTORY HARASSMENT, AND THE BLUEPRINT OF COERCIVE SURVEILLANCE (SMI TO ICE PARALLELS)

- **National Status-Based Persecution & Partner/Transgender Protection Mandates:** The Complainant's constitutional rights, personal safety, and familial integrity are severely imperiled by systemic profiling, state-sanctioned harassment, and targeted tracking directed at her protected identity categories—including her status as an LGBTQ+ individual, her partnership with a Transgender person of color from another country, her unhoused status, and her advocacy for bodily autonomy and reproductive healthcare. This is not merely an Arizona problem; it is a nationwide crisis across all 50 states driven by political hostility and systemic discrimination. Under the fiduciary guarantees of *Arnold v. Sarn* and *Allred v. Allred*, the Complainant possesses an unassailable right to maintain a relationship, partnership, and marriage without state-sponsored discrimination, punishment, or fear of state-inflicted violence. Furthermore, the systematic denial of safety, medical access, and gender-affirming care protections for adults and children—and the active hostility toward transgender individuals and immigrants (including the targeted profiling of her partner's coworkers by ICE)—constitutes a direct breach of federal civil rights, imposing an unlawful barrier to interstate travel, family life, and housing security.
- **Public Infrastructure & Accommodation Failures (Mixed Bathrooms & Infrastructure):** The absolute absence of mandatory, universal mixed-gender accessible public restrooms (requiring mixed-gender options alongside designated single-sex facilities) directly impairs the Complainant's and her partner's daily freedom of movement, safety, and dignity, violating the integration and community-access mandates of the ADA and *Arnold v. Sarn*.
- **The SMI-to-ICE Institutional Blueprint:** The operational methodologies deployed against the Complainant under the guise of "Seriously Mentally Ill" (SMI) management reflect the exact

historical and structural blueprint later weaponized by Immigration and Customs Enforcement (ICE)—both models originating from Maricopa County, Arizona. This pattern-and-practice framework targets vulnerable populations, strips them of due process, denies their ADA communication and mobility accommodations, and enforces isolation under color of state and federal authority.

- **Reproductive Autonomy, Genetic Discrimination, & Medical Integrity:** The state's failure to protect reproductive healthcare access (including the necessary availability of legal abortion and specialized medical oversight for rare hereditary connective tissue disorders such as hypermobile Ehlers-Danlos Syndrome [hEDS], which originates across five generations of maternal ancestry from Switzerland and England and carries extreme, life-threatening risks of uterine rupture) violates fundamental substantive due process and the affirmative mandates of healthcare access under *Arnold v. Sarn*. Under the Fourteenth Amendment (*"Nor shall any State deny to any person within its jurisdiction the equal protection of the laws"*), absolute federal protections apply across all 50 states, invalidating state-level restrictions (such as those in red states like Texas or Idaho) that endanger women with hEDS and their female descendants who inherit these exact pregnancy risks. Furthermore, subjecting individuals to genetic discrimination and denying them life-saving reproductive healthcare and safe bodily autonomy violates federal law, human rights, and the core ethical duties established under Title 19.

## VI. SUPPORTING DOCUMENTATION & MASTER PORTFOLIO

All responsible entities are explicitly ordered to review the complete evidentiary record housed in the KFA Portfolio:

- Begin Part 1: KFA Notebooks 1–14
- Master Index Begin Here
- Full Med List as of 9.4.2026
- USDOJ Complaint #795460-GLW Folder

## VII. IMMEDIATE DEMANDS FOR RELIEF & INJUNCTIVE ORDERS

1. **Immediate Benefit & Medication Reinstatement:** Unconditional, permanent restoration of SNAP/food stamps (Case #03425014) and unhindered, auto-refill status for the complete medication protocol with zero copays. This includes a fully funded flexible spending mechanism / account (consistent with the original July 2008 single-case agreement framework) to immediately cover all prescribed and over-the-counter necessities without recurring bureaucratic blockades. Reinstatement covers: Xolair injections (with home nurse administration options), Epicerum lotion, Allegra-D, Xyzal (5mg twice daily, 2 pills per day), Cromolyn Sodium (100mg/5ml: 2 vials three times daily prior to meals), Ketotifen (1mg tablet twice daily), Quercetin (500mg daily metabolic stabilizer from Sprouts), all natural medicines and compound scripts prescribed by Dr. Ryan Casper since September 2019, 5% Lidocaine patches (2 boxes/60 patches per month), and all active treatments prescribed or referred by treating specialists (including Dr. Ryan Casper, Dr. David Saperstein, NP Tonia Graham, NP Boris Schwartz, and Dr. Lindsay Ackerman).
2. **ADA Accommodations, Hiring of Case Manager, & Neutral Case Management:** Immediate authorization of allergy-safe transportation (incorporating three vehicle options: a wheelchair-accessible van, a trunk-accessible vehicle, and an average baseline Honda model such as an Accord or Civic to accommodate severe MCAS chemical sensitivities and fragrance-free sterile environments), mold-free, allergen-safe housing (such as a quiet, gated Airbnb or single-level residence complying with Dr. David Saperstein's 2021-2024 letters on housing, and Dr. Ryan Casper's May 2022 housing directives, fully accommodating home Xolair injections,

home physical therapy, visitors/loved ones without isolation, and climate control to mitigate seasonal/monsoon flares), alongside the immediate processing of Assertive Community Treatment (ACT) paperwork, the approval of the Complainant's designated two-person case management team (permitting her to hire and fire her own case managers per established SMI rules and Title 9 patient rights under R9-21-203), and the assignment of a neutral-party case manager (not affiliated with SMI) who understands CPTSD, navigates the KFA Portfolio, and ensures calm, written-only communication that accounts for executive function challenges such as ADHD paralysis. This includes a full insurance review by an insurance specialist attorney to audit all individualized needs.

3. **ISP Fulfillment & Specialized Support:** Immediate delivery of a physical, printed Individualized Service Plan (ISP) form so individualized needs can be accurately documented, as requested since 2017. This includes incorporating animal therapy support, specialized ex-Mormon trauma therapists to address spiritual and cult religious trauma, structured music therapy, and comprehensive nutrition/food security rehabilitation (addressing severe multiple food sensitivities diagnosed by PCP Gary Smith in 2014, with a dedicated nutritionist working alongside GI specialists).
4. **Sanctioned Medication & Alternative Treatment Permission:** Formal, unhindered legal recognition and funding authorization under *Arnold v. Sarn* and *Allred v. Allred* for necessary alternative medical protocols—specifically including medical marijuana (with Zen Leaf established as the designated dispensary, utilizing their expressed willingness to coordinate directly with specialist teams) and specialized pain/immunological management protocols tailored to the Complainant's rare 11% metabolizer phenotype, as well as sanctioned micro-dosing and alternative neuro-regeneration therapy protocols (incorporating Albert Hofmann and Michael Pollan models) supervised by academic specialists at Stanford, Harvard, Berkeley, and the University of Basel (Switzerland).
5. **Systemic Accountability, Relational Safety, & Civil Rights Protections:** Immediate federal intervention to halt nationwide retaliatory profiling based on LGBTQ+ status, gender identity, and partnership; guarantee safe, discrimination-free interstate movement and housing; mandate public infrastructure standards (including universal mixed-gender accessible restrooms); uphold full reproductive autonomy and medical integrity regarding hEDS, emergency obstetric care, and nationwide abortion access; and provide full restitution and victim compensation for decades of systemic rights violations (including dedicated victim compensation funding for personal vehicle transport, dental repair, and a personal shopper/clothing budget to alleviate severe dysautonomia, sensory texture sensitivities, and identity trauma resulting from years of unhoused displacement and stored belongings/without all her clothes since 12.9.2021).

Immediate administrative and legal action must be taken to review existing documentation, process the necessary corrective measures, and confirm in writing that all benefits and medical authorizations have been fully restored.

Sincerely,

Kara Ferguson Allred

Title 19 SMI Protected Individual

AHCCCS ID: A87930191 | DES Food Stamps Case #: 03425014

Phone: 802-212-1868

Email: Karafallred16@gmail.com

Verizon 3:55 PM 92%

All Inboxes **letter**

contact the sender by reply e-mail and destroy
all copies of the original message.

CAAFA Community Alliance Against Family Abuse

December 1, 2021

To Whom It May Concern:

Please accept this proof of letter on behalf of Kara Allred Ferguson, my name is Jacob Black and I work for A New Leaf a nonprofit organization in Arizona, at their CAAFA outreach office that assist individuals who are victims of Domestic & Sexual violence. I have known Kara since 3/2020 when she reached out for assistance with divorce. Once meeting Kara and throughout my time working with her, she has informed and shown several issues that she has been going through for years and recently, that are included but not limited to several legal rights possibly being violated by several different organizations.

I have seen and heard Kara, vigorously work on trying to obtain assistance from various legal organization and private attorneys, grievance procedures with several organizations to address the significant issues that she has gone through and continues to go through but to no avail.

Kara is in desperate need of legal representation to assist with on several major legal needs of her case that she has relied to me: civil law – civil rights, AHCCCS, social security, family law, mental health clinic, grievance issues with organizations, & housing.

Community Alliance Against Family Abuse (CAAFA) is a non-profit located in Apache Junction, AZ that serves victims of domestic and sexual violence. We offer the following services: emergency shelter, crisis line, legal advocacy, sexual violence advocacy, case management, support groups, empowerment sessions, prevention, community outreach and education.

If you require additional information or have any questions, I can be reached by phone at (602) 578-1589 or by e-mail at jblack@turnanewleaf.org Thank you.

Best regards,

[signature]

***Jacob Black***
Legal Advocate I (CAAFA)
Office: (480) 982-0205
Cell: (602) 578-1589

*Empowering individuals, families and communities to be free from abuse through collaboration, prevention, awareness and support.*

P.O. Box 3778 • Apache Junction, AZ 85117
www.caafaaz.org • 480/982.0205 • Fax: 480/982.0258
Crisis Line: 480/982.0196 • Toll Free: 1.877/982.0196

COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

ORDER

2 CA-CV 2013-0012
Department A
Pinal County
Cause No. S1100DO201200314

RE: ALLRED v. ALLRED

The Record on Appeal in the above-entitled cause was received in the Court of Appeals, Division Two, on February 06, 2013, from the Clerk of the Superior Court of Pinal County,

ORDERED: Appellant(s)' filing fee in the Court of Appeals, Division Two, is $280.00, payable within ten days of this Order, pursuant to A.R.S. 12-321 and 322. **Fees must be paid in cash or check made payable to the Court of Appeals, and sent to 400 W. Congress, Room 200, Tucson, Arizona 85701.**

FURTHER ORDERED: **IF APPELLANT(S) FILING FEE IS NOT PAID WITHIN TEN DAYS OF THIS ORDER, THE CASE SHALL BE DISMISSED.**

FURTHER ORDERED: Appellant(s)' Opening Brief, pursuant to Rule 15(a), Rules of Civil Appellate Procedure, 17B A.R.S., shall be filed within forty days of this Order.

FURTHER ORDERED: Appellee(s)' fee in the Court of Appeals, Division Two, is $140.00, ($280.00 if Appellee has filed a cross-appeal), pursuant to A.R.S. 12-321. **Fees must be paid in cash or check made payable to the Court of Appeals.** NO FILINGS BY APPELLEE WILL BE ACCEPTED UNTIL THE APPELLEE(S)' FEE IS PAID.

FURTHER ORDERED: BRIEFS NOT IN COMPLIANCE WITH ARIZ. R. CIV. APP. P. 14, 17B A.R.S., WILL BE STRICKEN.

DATED: February 27, 2013

Jeffrey P. Handler
Clerk of the Court

Copies to:

Kara Ferguson Allred
385 E. Payton St.
San Tan Valley, AZ 85140

Rodney M. Matheson
GIBSON MATHESON LALLISS & FREIDLANDER
1837 S. Mesa Drive, Suite C-100
Mesa, AZ 85210-6219

no matter what I did to seek Help - due to Edwin, cheryl & Rodney matheson (600 million fraud crimes by 2014), I could NOT get legal help because of their criminal crimes which SALA had to stop working on my case after several meetings. I had no money, hardly any food (I was starving & so sick) & no car, no Family & I couldn't find help or $280.00. no one would loan it either.

FILED PINAL COUNTY
SUPERIOR COURT
REBECCA PADILLA

SEP 11 2026

Name of Person Filing: Kara F. Allred
Street Address: 1901 W. Madison St. Phoenix, Az 85009
City, State, Zip Code:
Telephone Number: 802.212.1868
Email Address: KarafAllred16@gmail.com
☒ Representing Self (No Attorney) or ☐ Represented by Attorney
If Attorney, Bar Number:

## SUPERIOR COURT OF ARIZONA
## PINAL COUNTY

In the Matter of:
Edwin G. Allred
Name of Petitioner

Kara Ferguson Allred
Name of Respondent

CASE NUMBER: DO 201200314

TITLE: Emergency request for injunctive relief enforcement of Arnold vs. Sarn mandates, ADA ACCOMMODATIONS & reinstate Title 19 benefits, protections

HONORABLE:

July 2008, Edwin Allred Personally Negotiated a Single case agreement to underwrite my SMI plan because SMI staff completely lacked The training & Knowledge required to process a patient with private insurance.

May 2012 & again in 2015, Edwin created never ending court compliance regarding SMI benefits he & all others assume that I have. wrong.
This family court order is outdated, there is new Discovery and it's The rarest 11% genetic phenotype (metabolic) making standard psychotropic drug protocols chemically abusive. Copa Gateway Autumn 2016 genetic testing confirmed medical puzzle pieces that explain my mental health needs alot better: Hyper Mobile Ehlers Danlos Syndrome = Autism & ADHD, cancer level pain, auto immune conditions




COPY

and The Scariest Allergies that have hospitalized me. I am handicapped alone by how severe my MCAS is. MY children inherited these genetics & risk, uterine rupture & higher risks of genetic issues with fetus/baby. I was so deathly sick 2014-2019 because SMI & all parties involved in my SMI case arent being compliant with The Arnold vs Sarn mandate. The proof has been put into a Drive that has been provided to The world because 2012-2026:

Denial of all Title 19 SMI Benefits including food stamps & medical insurance, housing, therapy with incorrectly worded certificates that don't hold up in court...

Yet EDWIN did the single case agreement & has proven lying, stealing, manipulating laws, police officers, anyone he can. Ask officer Gibson, or Deputy Defina or Detective Shawn Wilson...

Petitioner/Kara/mother requests an emergency motion for injunctive relief, enforcement of Arnold vs Sarn mandates, ADA accommodations and Reinstate TITLE 19 SMI benefits & equal protections of The law. EDWIN is a flight risk, FYI...

☒ I have filed the ORIGINAL of the attached document(s) on September (Month) 11 (Day) 20 26 With the Clerk of the Superior Court of Arizona in Pinal County.

☐ I have mailed/delivered a COPY of the attached document(s) on ______ (Month) ______ (Day) 20 26 to: ______

Today's Date: 9.11.2026 Your Signature: Kara Ferguson Allred

Typed up motion

Exhibit #1 Detective Shawn Wilson 8-20-2019 email.

Exhibit #2 Rodney Matheson default motion

Exhibit #3 Laura McDermott 3.19.2020 email

#4 exhibit original 2.11.2009 SMI letter.

I have no way to get ACP mail; They abandoned The case & wont keep survivors safe. PLEASE EMAIL me at KaraFALLred16@gmail.com regarding any correspondence.

Edwin robbed & framed me blind. Lies become part of your future.

I HAve no way to locate or serve Edwin Due to The proof 2016, 2017, 2018, 2019 - 2026:

He does not want to be compliant to the SMI work he caused/chained me to.

No one can survive like This.


Verizon 3:37 PM 79%

All Inboxes 16 Messages

DR# 130710073

Shawn Wilson 11:49 AM
RE: # 130710073 Allred Vs All... Details
To: Kara Ferguson Allred

I spoke to CPS reference the report made on July 2, 2016 (#912232). It was documented they attempted to do follow up for several months and closed the case on April of 2017 due to not being able to locate 'the family'.

Instead of sending you to patrol I am going to open a new initial report. Then it will be sent to persons crimes. That will be the end of my involvement. The report number is 190820123. A persons crimes detective will review the information and contact you for follow up.

DETECTIVE SHAWN WILSON #2127
PINAL COUNTY SHERIFF'S OFFICE
ROBBERY/HOMICIDE UNIT
520-866-5127

**EXTERNAL EMAIL:** Do not click any links or open any attachments unless you trust the sender and know the content is safe. Forward any suspicious messages to itsecurity@pinalcountyaz.gov

8.20.2019 Email from PCSO (Pinal County Sheriff's Office) Homicide detective Shawn Wilson who knows the crimes Edwin has done, has tried to file charges on him but the detective needed was in trial at that time and Rosetta Canada abandoned my victims services rights. Shawn Wilson got to hear the discrimination from all his PCSO coworkers of what they nicknamed me as I tried to seek help many times 2008-2014. Of all PCSO, after a year and a half, only Officer Osinga, Deputy Defina realized they had been duped but Edwin had fled the state by then, Detective Shawn Wilson and probation officer Gibson in Florence all found documentation and proof of criminal crimes by Edwin Allred, Cheryl Reed and Rodney Matheson.

SALA saw the fraud crimes and turned me away in 2012 stating prohibition 1613.1, 1613.2, 1613.3, 1613.4 of which no one from Arizona to Washington D.C. will explain or help me find those funds to use for my emergency court needs to get my missing benefits which violates Arnold vs Sarn because this pertains to my missing benefits that were promised but have never been given.

I never got to work with anyone that did anything to locate the children, yet I am chained to a mental health court order of which neither parties will be compliant and I have no idea where to serve Edwin these court documents as I am in crisis due to what he did to me with SMI and how no one is being accountable but me. (I did not make a 30 terabyte portfolio for funsies; I did it because I cannot heal or move on with my life with what has happened as I was framed, exploited, and worse).

SMI promised many times to check on my children because Edwin legit fled the state, hid Kate at Rob & Leslie Allred's home, denied my parental rights at every turn while still stalking me. (Kate told me on a recorded call that I have the audio to, then Jacob Black witnessed Edwin's phone stalking in 2021 when my iphone was turned off due to military husband not paying spousal support for over a year. That is when the CAAAFA agencies that have worked with me since 2012 finally got to see more of the stalking I have had to document & prove as the crimes got sloppy).

FILED
CHAD A ROCHE
CLERK OF SUPERIOR COURT
2012 OCT 25 AM 10:32
BY ___ DEPUTY

Kara Ferguson Allred
385 E. Payton Street
San Tan Valley, AZ 85140
Respondent, Pro Se

# ARIZONA SUPERIOR COURT, COUNTY OF PINAL

| | |
|---|---|
| In re:<br>**EDWIN GENE ALLRED,**<br>Petitioner,<br>and<br>**KARA FERGUSON ALLRED,**<br>Respondent. | Case No: DO 201200314<br>MOTION TO SET ASIDE DEFAULT JUDGMENT |

The Respondent moves the Court, pursuant to Rules 44(B)(2) and (C) and 85(C)(1)(a),(c), and/or (f) of the Arizona Rules of Family Law Procedure, to set aside the default judgment entered against her on May 16, 2012 for good cause shown. Respondent asserts the following in support of her motion:

1. A recent review of the court file indicates that Petitioner applied for a default judgment in this case on March 21, 2012. On May 1, 2012, a Notice of Default issued from Family Services of the Conciliation Court with a hearing set for Wednesday May 16 at 9:30 am. A certificate of mailing to Respondent's home address was filed on April 30, 2012.

2. However, Respondent had been arrested on May 3, 2012 based on an alleged domestic violence incident involving Petitioner's mother and Petitioner. She was incarcerated for several days afterwards and it is unclear when Respondent ever actually received such Notice of Default.

3. On May 4, 2012, Petitioner filed for an Order of Protection and a Petition for Emergency Temporary Orders. Respondent was still incarcerated at the time but was served while in jail by a deputy sheriff.

CONFORMED COPY FURNISHED

Scanned

TG

4. On May 14, 2012, a hearing on Petitioner's Motion for Emergency Temporary Orders took place without Respondent's participation, which granted sole legal and physical custody to Petitioner with supervised four hours of supervised visitation to Respondent per week.

5. Very shortly after these temporary orders issued, on May 16, 2012, a default hearing on the dissolution of marriage took place. Respondent, who had since been released from jail, appeared at that hearing and attempted to assert her position in this case. Apparently, since Respondent had not filed a response in the case, she was only minimally permitted to participate in the twenty minute hearing: Because Respondent had never been given any disclosures or discovery in the case, especially involving the marital assets and debts, she was only able to generally state at the hearing that she was in need of spousal maintenance. Respondent was surprised by the request that spousal maintenance be set at $800, as originally Petitioner had represented to her that he would agree to spousal maintenance of $1200-1400. As Respondent has not worked for a substantial period of time, she needed this amount in order to cover her essentials of living.

6. The final orders in the case allow Petitioner sole legal and physical custody with minimal supervised visitation to Respondent at Tempe Parenting Skills (visitation which she cannot afford to pay for on her current income) and awards him the bulk of the parties' assets. Petitioner took many of Respondent's personal items and heirlooms while she was incarcerated and has refused to give them back. Petitioner took Respondent's vehicle shortly after the orders were issued and sold it, leaving her with no means of transportation. Although Petitioner appears to have taken on the parties' debts, Respondent's claiming a marital debt to his mother of $63,000 is questionable at best. In sum, Respondent asserts that the final orders in this case are inequitable and unjust toward her.

7. Petitioner is a financial analyst who makes over $100,000 a year, and the parties had substantial assets, investments, retirement accounts, and so forth, which were community property subject to equitable distribution. Respondent believes that

Petitioner deliberately withheld information about these marital assets from her and misrepresented his financial status to the Court. During the parties' marriage, Petitioner forced Respondent to open her own checking account which he monitored, and only allowed her $100 twice a month to pay for formula, diapers, groceries, gas. Petitioner controlled Respondent to such an extent that she was afraid to ask for money for fear of being punished.

8. During the time that the final orders were being heard and decided, Respondent had just been released after being incarcerated for several days . She had been suffering from mental health issues to due her inability to access all of her medications in jail and because of changes made to her medications. (See Exhibits 1, 2, & 3, attached) Respondent asserts that because of this, she was somewhat incapacitated at the time of the final hearings and unable to adequately assert her position.

9. By Petitioner's own admission in his affidavit supporting his original petition for temporary orders, "Kara (Respondent) suffers from mental illness". Petitioner's timing in some of the filing in the case show bad faith and an attempt to manipulate the court system against an already disadvantaged Respondent.

10. Earlier in the case, Respondent had signed a temporary orders stipulation on March 26, evidencing her willingness to participate in court proceedings. Then on April 18, 2012, Respondent attempted to file pro per pleadings- including a request for appointed attorney - which was rejected because a filing clerk told her she needed to pay a filing fee. (See Exhibit 4, attached) However, she was never informed of the option of filing for a fee deferral, which would have allowed her to file a response in this case.

11. Significantly, Respondent was under the impression that the parties were going to sign a consent decree, and that she would not have to file a response in the case. A copy of such draft consent decree and correspondence indicate this (See Exhibit 5, attached). Despite being given a settlement offer, she was never given financial disclosures in order to make a reasonably informed decision. Nor was she ever informed that this settlement offer had been withdrawn.

12. Finally, Respondent's attempt to attend the default hearing shortly after being released from jail, despite lack of information about prior proceedings and lack of appropriate disclosures, show her willingness, albeit inability, to participate.

13. At this time, Respondent is unemployed and living off of the spousal maintenance awarded to her in the default decree. This amount is not enough for her to cover her rent and essentials, let alone to pay for her court ordered supervised visits at Tempe Parenting Skills. She has no vehicle and this has significantly hampered her ability to obtain a job, and to get herself to various medical and other appointments.

14. Respondent has only had one supervised visit in September with her children in the past several months. Her youngest child barely recognizes her and her older children are suffering for not spending time with their mother. These are children for whom she had been the primary caretaker prior to the parties' separation. Respondent cannot afford to pay the fee for supervised visitation on her minimal income and is therefore precluded from a meaningful relationship with her children. Not only is this custody arrangement unfair to her, but it is not in the children's best interests.

15. Clearly, Petitioner has tried to push this case through to his own custodial and financial benefit. At this point, Respondent has been left with virtually nothing from this case - minimal income from spousal maintenance, no job, no vehicle as Petitioner has taken it from her, no ability to pay for regular supervised visitations to see her children, and no viable means to better herself for the future.

16. Therefore, Respondent asks that the Court find good cause to set aside the default judgment. Respondent asks that she be permitted to file a Response in the case and a hearing be set to address the above issues. She asks that the Court determine the best interests of the children and fashion more appropriate orders on all issues in this case, after full disclosure, and with the participation of both parties.

VERIFICATION

STATE OF ARIZONA )
§
COUNTY OF PINAL )

Respondent, Kara Ferguson Allred , first duly sworn upon her oath, deposes and says: That she is the Respondent in the above matter; that she has read the foregoing Motion to Set Aside Default Judgment and knows and understands the contents thereof; and that the same are true to the best of her knowledge, information and belief.

DATED this 24th day of October, 2012

Kara Ferguson Allred
Kara Ferguson Allred

SUBSCRIBED AND SWORN to before me this 24th day of October, 2012.

NOTARY PUBLIC

My Commission Expires: Aug 26, 2015

NORA DIAZ
Notary Public - Arizona
Pinal County
My Comm. Expires Aug 26, 2015

Respectfully submitted this 25th day of October, 2012.

Kara Ferguson Allred

Kara Ferguson Allred, Respondent

A copy of the foregoing wasmailed
to the following on October ___, 2012.

Law Office of Rodney M. Matheson
Fairways at Superstition Springs
2500 South Power Road, Suite 217
Mesa, AZ 85209
Attorneys for Plaintiff

3.19.2020
Edwin & his lawyer, Laura McDermott never notified me that she was not his lawyer until March 2020 when I emailed her and Edwin to ensure our children (Kate Emily & Claire) were healthy, safe & together after a huge earthquake in Utah. I was also asking because of the Covid-19 Pandemic of which no one knew at that time what was going on.
That was when Edwin could not prove that the children were safely together because he had left Kate behind and denied my rights to see her/have visits if she & the other children are in Arizona. Edwin does not play by the rules. Ask Judge Daniel Washburn who also got duped by Edwin Gene Allred…
I also heard from ex sister in law Tracy that Laura quit because she found out the corruptions of Edwin Allred, his brothers and mom all being tied to the serious fraud crimes of Rodney Matheson…
I also tried to work with Sgt Rankin from PCSO in autumn 2019 regarding the children, but that went south because of the slander and libel spread against me that Detective Shawn Wilson can confirm is true.






3.19.2020

Edwin & his lawyer, Laura McDermott never notified me that she was not his lawyer until March 2020 when I emailed her and Edwin to ensure our children (Kate Emily & Claire) were healthy, safe & together after a huge earthquake in Utah. I was also asking because of the Covid-19 Pandemic of which no one knew at that time what was going on.

That was when Edwin could not prove that the children were safely together because he had left Kate behind and denied my rights to see her/have visits if she & the other children are in Arizona. Edwin does not play by the rules. Ask Judge Daniel Washburn who also got duped by Edwin Gene Allred…

I also heard from ex sister in law Tracy that Laura quit because she found out the corruptions of Edwin Allred, his brothers and mom all being tied to the serious fraud crimes of Rodney Matheson…I also tried to work with Sgt Rankin from PCSO in autumn 2019 regarding the children, but that went south because of the slander and libel spread against me that Detective Shawn Wilson can confirm is true.

9:01

I need to know that our...

Phone (520) 222-8341 or (480) 264-0672
Fax (520) 222-8349
https://mcdermottlawaz.com/

Physical Office Location: 355 N Main St, Florence AZ 85132

**From:** Kara Ferguson <chloesixteen86@gmail.com>
**Sent:** Wednesday, March 18, 2020 5:00 PM
**To:** Edwin Allred <egallred@hotmail.com>; Laura McDermott <laura@mcdermottlawaz.com>; Kara Allred <chloesixteen86@gmail.com>
**Subject:** I need to know that our children are ok! 3.18.2020

Edwin,

With corona virus, now an earthquake, and you not following court orders for December 2019 photos/ never providing any updates-

As their mother and my rights to know how our children are doing- please provide a video today ASAP of all the children TOGETHER. I want to see that they are together and I want proof you did the video TODAY. I want to know that OUR children are alive, not sick, that they are well.

Thank you,
Kara Ferguson Allred Scheufler

NOTICE: This e-mail or message (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for in... disclosure of the ...ail and its attachments.

9:01

I need to know that our...

With corona virus, now an earthquake, and you not following court orders for December 2019 photos/ never providing any updates-

As their mother and my rights to know how our children are doing- please provide a video today ASAP of all the children TOGETHER. I want to see that they are together and I want proof you did the video TODAY. I want to know that OUR children are alive, not sick, that they are well.

Thank you,
Kara Ferguson Allred Scheufler

NOTICE: This e-mail or message (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the person named above by reply e-mail, and then delete the original e-mail. If you are not the correct addressee, do not read, copy or send this message to anyone. If you are not the intended recipient or an authorized representative of the intended recipient, any review, dissemination, copying, use or any action or reliance on the communication is strictly prohibited by the Electronic Communication Privacy Act, 18 U.S.C. 2510-2521.

3.19.2020

Edwin & his lawyer, Laura McDermott never notified me that she was not his lawyer until March 2020 when I emailed her and Edwin to ensure our children (Kate Emily & Claire) were healthy, safe & together after a huge earthquake in Utah. I was also asking because of the Covid-19 Pandemic of which no one knew at that time what was going on.

That was when Edwin could not prove that the children were safely together because he had left Kate behind and denied my rights to see her/have visits if she & the other children are in Arizona. Edwin does not play by the rules. Ask Judge Daniel Washburn who also got duped by Edwin Gene Allred…

I also heard from ex sister in law Tracy that Laura quit because she found out the corruptions of Edwin Allred, his brothers and mom all being tied to the serious fraud crimes of Rodney Matheson…I also tried to work with Sgt Rankin from PCSO in autumn 2019 regarding the children, but that went south because of the slander and libel spread against me that Detective Shawn Wilson can confirm is true.






CENPATICO™
behavioral health
OF ARIZONA

February 11, 2009

Kara Allred
814 E. Anastasia
Queen Creek, AZ 85240

**SMI Determination: SMI**
Date Determination Made: February 11, 2009
Date Determination Effective: January 23, 2009

**BASIS FOR DETERMINATION:**
You requested we pay for you to have special help. This help is called "services for the Seriously Mentally Ill" (SMI). We read the written reports sent in with your request. We decided you need these services. The reason is the reports show:

- you have one of the illnesses you must have for this help.
- because of your mental illness, you were dangerous most of the year.
- because of your mental illness, you had problems doing your best most of the year.
- because of your mental illness, and other things you may become much worse.

Sincerely,

Bruce R. Holzman, M.D.
Children's Medical Administrator
Cenpatico Behavioral Health of Arizona, LLC

CONFIDENTIALITY NOTICE:
This communication contains information intended for the use of the individuals to whom it is addressed. It may contain information that is privileged, confidential or exempt from other disclosure. Confidential, privileged or exempt information in this communication is protected under applicable law, including the following ARS §8-542, ARS §36-441, ARS §36-445, ARS §36-2401 through 2404, ARS § 36-2917, ARS §41-1959 and 42 CFR 434.34. If you are not the intended recipient, you are notified that any disclosure, printing, copying, distribution or use of the contents is prohibited. If you have received this communication in error, please notify the sender immediately by telephone or by returning it by return mail/e-mail, and then permanently delete all the information in this communication from your system. Thank you.

1501 W. Fountainhead Corporate Park ♦ Suite 295 ♦ Tempe, AZ 85282
866-495-6738 ♦ 800-398-6182 (Fax)

CENPATICO™
behavioral health
OF ARIZONA

February 11, 2009

Kara Allred
814 E. Anastasia
Queen Creek, AZ 85240

**SMI Determination: SMI**
Date Determination [illegible] February 11, 2009
D[illegible] Determinatio[illegible] January 23, 2009

CENPATICO™
behavioral health
OF ARIZONA
1501 W. Fountainhead Corporate Park
Suite 295
Tempe, AZ 85282

MAILED FROM ZIP [illegible]

SMI
Determination
Letter

Feb. 11 2009

Kara Allred
814 E. Anastasia
Queen Creek, AZ 85240

8524085790 R028